No. 04-795

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 345N

MICHAEL J. DANIELS,

　　　　　Petitioner and Appellant,

　　v.

STATE OF MONTANA,

　　　　　Respondent and Respondent.

APPEAL FROM:　　The District Court of the Eighth Judicial District,
　　　　　　　　In and For the County of Cascade, Cause No. BDC 2000-094,
　　　　　　　　Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　Michael J. Daniels, Pro Se, Shelby, Montana

　　　　　For Respondent:

　　　　　Honorable Mike McGrath, Attorney General; Pamela P. Collins, Assistant
　　　　　Attorney General, Helena, Montana

　　　　　Brant S. Light, County Attorney, Great Falls, Montana

　　　　　　　　　　Submitted on Briefs:　September 13, 2005

　　　　　　　　　　　　　　　Decided:　December 28, 2005

Filed:

　　　　_____
　　　　　　　　　　　　Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Michael Daniels (Daniels) appeals from the District Court's denial of his petition for postconviction relief. Daniels, seventeen years old at the time of the alleged crime, was charged with robbery and was transferred to adult court. On February 21, 2001, Daniels was convicted of robbery involving his use of a laser-sighted handgun. Following his conviction, a Presentence Investigation Report was prepared which advised that Daniels' criminal history included ninety-three arrests, which had led to numerous misdemeanor and felony juvenile dispositions and three adult felony convictions. Finding that Daniels was an extreme danger to society, the District Court sentenced him to the Montana State Prison for thirty-five years, with five years suspended, plus ten years for use of a weapon, with five years suspended, for a total of forty-five years with ten years suspended.[1]

¶3 Daniels then appealed, raising four issues:

---

[1]On April 13, 2004, the District Court, pursuant to sentence review provisions of § 41-5-2510, MCA, the Criminally Convicted Youth Act, increased the suspended portion of Daniels' sentence from ten to twenty years.

¶4	1. Whether comments made by the State during closing arguments constituted plain error;

¶5	2. Whether the District Court committed plain error by permitting Alfred Joe Smith, an accomplice, to testify at trial;

¶6	3. Whether the District Court committed plain error by giving Instruction # 6?

¶7	4. Whether the District Court rendered ineffective assistance of counsel by failing to interview certain witnesses and by failing to make certain objections.

¶8	On September 18, 2003, we issued an opinion affirming Daniels' conviction. *State v. Daniels*, 2003 MT 247, 317 Mont. 331, 77 P.3d 224. On June 9, 2004, Daniels filed a petition for postconviction relief, alleging that the enhancement of his sentence for use of a weapon was unlawful because he was not notified of the possible enhancement prior to trial and a separate finding regarding use of a weapon was not made, in violation of § 46-1-401, MCA (2001). The State responded, arguing (1) that Daniels' claim was procedurally barred for his failure to raise the issue on appeal, and (2) that § 46-1-401, MCA (2001), was not effective until May 1, 2001, following the filing of the robbery charge against Daniels and his trial. The District Court denied Daniels' petition on both of these grounds.

¶9	It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly

3

interpreted, and there was clearly no abuse of discretion by the District Court. As the District

Court properly held, Daniels' claim was procedurally barred. Section 46-21-105(2), MCA.

¶10    Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER